IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-02315-D |
| | § | |
| AT&T MOBILITY SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Defendant AT&T Mobility Services, LLC's Motion to Dismiss with Prejudice Pursuant to Federal Rules of Civil Procedure 37 and 41 (ECF No. 35), in this *pro se* civil action brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Defendant asks the Court to dismiss Plaintiff Kyle Jones's claims with prejudice for failure to prosecute his case and as a sanction for failing to participate in discovery. For the reasons stated, the Court should **GRANT** the Motion.

**Background**

Plaintiff Kyle Jones filed his complaint under the ADA on August 31, 2017, alleging that he suffers from Asperger's and stress and that Defendant unlawfully discriminated against him when it failed to promote him and ultimately fired him. Compl. (ECF No. 3); Quest. Resp. at 2 (ECF No. 8). Plaintiff timely filed this lawsuit after he received a right-to-sue letter from the Equal Employment Opportunity

1

Commission on August 1, 2017. Quest. Resp. at 4. However, since filing the litigation, Plaintiff has refused to participate in discovery, has ignored court orders, and has failed to prosecute this lawsuit.

Defendant served Plaintiff with its First Set of Interrogatories and Request for Production on April 9, 2018. Mot. Compel 2 (ECF No. 27). Plaintiff did not timely respond to those requests, so Defendant's counsel conferred with Plaintiff and asked that written responses and responsive documents be produced by May 18, 2018. *Id.* Plaintiff provided Defendant with handwritten responses to the interrogatories on May 14, 2018, though Defendant asserts the responses raised "waived and meritless defenses, failed to provide coherent answers, and did not fully respond to the substance of the majority of the requests." *Id.* Plaintiff did not respond to the requests for production, however. *Id.* Defendant then attempted to confer with Plaintiff via email to request supplemental answers and responsive documents, asking that they be provided by May 18, 2018. *Id.* Plaintiff supplemented his answers, but his supplemental answers were similarly deficient. *Id.* 3. Defendant, therefore, again requested supplemental responses this time due by May 29, 2018, but Plaintiff did not provide those responses or responsive documents. *Id.*

On June 1, 2018, the parties participated in a telephone conference with the Court—the Court encouraged the parties to confer further with respect to Plaintiff's deficient discovery responses. *Id.* After the call concluded, the parties did confer,

2

and Plaintiff agreed to produce the responsive documents in his possession. *Id.* But Plaintiff did not produce these documents. *Id.*

Defendant then filed its Motion to Compel seeking to compel Plaintiff to provide supplemental responses to its First Set of Interrogatories and documents responsive to its First Request for Production; the Court ordered Plaintiff to file a written response to the Motion to Compel by August 17, 2018. July 18, 2018 Order (ECF No. 29); Mot. Compel 8 (ECF No. 27). Plaintiff failed to respond.

Because Plaintiff failed to respond, the Court overruled any objection Plaintiff may have had to the Motion to Compel and ordered Plaintiff to fully respond to the substance of Defendant's interrogatories numbered 1, 2, 8, 9, 10, 11, 12, 13, and 14, and to produce documents responsive to Defendant's requests for production 1, 3-27, 29-40, and 42 by August 31, 2018. August 17, 2018 Order (ECF No. 32). The Court further ordered Plaintiff to pay Defendant's costs in bringing the Motion to Compel, though not in excess of $1,000.00. *Id.* Plaintiff again failed to comply. Def.'s Status Report 2 (ECF No. 40). Defendant next filed this Motion to Dismiss, and the Court ordered Plaintiff to respond by October 11, 2018. September 11, 2018 Order (ECF No. 37). Plaintiff failed to file a response. Notice (ECF No. 39).

Most recently, Defendant filed a status report in compliance with the Court's Scheduling Order (ECF No. 19) requiring the parties to "complete discovery and file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than [October 19, 2018]." Order (ECF No. 38)

(extending joint report deadline to October 19, 2018). Defendant filed its own status report, in lieu of a joint report, because Plaintiff would not communicate with Defendant. Def.'s Status Report 2.

Defendant filed its Motion to Dismiss under Rules 41 and 37 arguing that Plaintiff's claims should be dismissed for failure to prosecute his case and as a sanction for failing to participate in discovery. Because Plaintiff failed to respond to Defendant's Motion, the Court considers the Motion without the benefit of a response.

## Legal Standards and Analysis

### Rule 41(b)

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action—either on a defendant's motion or *sua sponte*—for a plaintiff's failure to prosecute or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 767 (5th Cir. 2012). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. Courts are empowered to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief," in order "to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Under Rule 41(b) of the Federal Rules of Civil Procedure

a case may be dismissed with prejudice for failure to prosecute. Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte."); *see also Beard v. Experian Info. Sols. Inc.,* 214 F. App'x 459, 462 (5th Cir. 2007).

Plaintiff's claims against Defendant should be dismissed with prejudice because Plaintiff has failed to prosecute his case. As of October 19, 2018, Defendant had not heard from Plaintiff in over a month. Def.'s Status Report 2. Plaintiff has not provided adequate responses to Defendant's interrogatories nor produced any responsive documents[1] to Defendant's requests for production, even after Defendant requested supplemental answers twice and conferred with Plaintiff post-teleconference. Further, Plaintiff failed to comply with: the Court's order on July 18, 2018, to respond to Defendant's Motion to Compel; the Court's order on August 17, 2018, to respond to Defendant's interrogatories and produce responsive documents; and the Court's scheduling order requiring the parties to submit a joint report regarding settlement negotiations by October 19, 2018. Plaintiff also failed to respond to Defendant's Motion to Dismiss. Because Plaintiff has exhibited a clear pattern of inaction, the Court concludes that he has abandoned his case, justifying dismissal with prejudice. Accordingly, Plaintiff's claims against Defendant should be dismissed with prejudice.

---

[1] Defendant's Motion to Compel states that Plaintiff has provided only three documents (totaling four pages altogether) and one MP3 file in discovery and none in response to its requests for production. Mot. Compel 3-4 (ECF No. 27).

## Rule 37

Federal Rule of Civil Procedure 37[2] permits a Court to dismiss a party's claim when that party disobeys a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Because dismissal with prejudice is a "'remedy of last resort,'" certain factors "must be present before a district court may dismiss a case as a sanction for violating a discovery order." *Conner*, 20 F.3d at 1380 (quoting *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)). Dismissal with prejudice is only appropriate when: 1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" 2) "the violation of the discovery order [is] attributable to the client instead of the attorney;" 3) "the violating party's misconduct [ ] 'substantially prejudice[s] the opposing party;'" and 4) "a less drastic sanction would [not] substantially achieve the desired deterrent effect." *Id.* at 1380-81 (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990); citing *Brinkmann v. Abner*, 813 F.2d 744, 749 (5th Cir. 1987)); *see also Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam).

Alternatively, Plaintiff's claims against Defendant should be dismissed with prejudice under Rule 37. Rule 37 permits dismissal when a party disobeys a

---

[2] As Defendant mentions in its Motion, Rule 37(d)(1)(A) provides an alternate basis for sanctions under the rule, which would be applicable here. Mot. at 2 n.1. Rule 37(d)(1)(A) authorizes a Court to dismiss a case where a party fails to serve answers to interrogatories or respond to requests for inspection. Fed. R. Civ. P. 37(d)(1)(A)(ii).

6

discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Here, Plaintiff disobeyed three of this Court's orders—the July 18, 2018 order directing Plaintiff to respond to Defendant's Motion to Compel, the August 17, 2018 order compelling Plaintiff to provide the discovery sought in Defendant's Motion to Compel, and the scheduling order (as amended) requiring the parties to file a joint report. Dismissal with prejudice is appropriate in this case because Plaintiff's repeated disobedience of this Court's orders exhibits willful noncompliance. Plaintiff has been hostile and belligerent towards defense counsel, accusing her of harassing him during attempts to confer on a motion, as required by the local rules; hanging up on her; and making thinly-veiled threats to gun violence. Def. Mot., Ex. A; Def.'s Mot. to Conduct Pro Se Pl.'s Oral Dep. at the Courthouse, Ex. A (ECF No. 21).

Plaintiff's failure to comply cannot be attributed to counsel since he is proceeding *pro se. Doe*, 283 F. App'x at 292 ("Since Appellant is *pro se*, her actions are hers alone and not attributable to her counsel."). And his failure to participate in discovery has prohibited Defendant from deposing Plaintiff or filing a motion for summary judgment, substantially prejudicing Defendant's ability to defend this lawsuit. Mot. 3; *see Morgan v. McDonald's Corp.*, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015) (dismissing with prejudice when *pro se* plaintiff's "repeated failures to cooperate with defense counsel [ ] deprived Defendant of basic discovery and substantially prejudiced Defendant's ability to defend this lawsuit").

A less drastic sanction would not achieve the desired deterrent effect in this case because Plaintiff has repeatedly disregarded this Court's orders. *See Abuya v.*

7

*Verizon Select Servs., Inc.*, 2010 WL 2669024, at *4 (N.D. Tex. June 4, 2010), *report and recommendation adopted*, 2010 WL 2669294 (N.D. Tex. June 30, 2010) (dismissing with prejudice when plaintiff failed to comply with two discovery orders and to appear for a deposition and show-cause hearing). Additionally, this Court already sanctioned Plaintiff by requiring him to pay Defendant's costs in bringing its Motion to Compel, which Plaintiff similarly disregarded. Aug. 17, 2018 Order 2; Mot. 4. Therefore, Defendant is entitled to dismissal with prejudice under Rule 37 as well as Rule 41.

### Recommendation

The District Court should **GRANT** Defendants' Motion to Dismiss (ECF No. 35) and **DISMISS** Plaintiff's claims against Defendant with prejudice.

**SO RECOMMENDED**.

December 27, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).